NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1535


STATE OF LOUISIANA

VERSUS

ROBERT PRESCOTT


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 09-237546
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Oswald A. Decuir, and Marc T. Amy, Judges.

Amy, J., concurs in the result.


AFFIRMED.


Angela B. Odinet
Assistant District Attorney
16th Judicial District Court
307 Church Street
St. Martinville, LA 70582
(337) 394-2220
COUNSEL FOR APPELLEE:
    State of Louisiana

**Peter "Q" John**
**The "Q" Firm, a division of O'Neil Legal, L.L.C.**
**10925 Perkins Road, Suite C**
**Baton Rouge, LA 70810**
**(225) 757-8496**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Robert Prescott**

**DECUIR, Judge.**

Defendant, Robert Prescott, was charged with possession of 400 grams or more of cocaine, in violation of La.R.S. 40:967(F)(1)(c). After a jury trial, Defendant was convicted and sentenced to twenty-two years at hard labor with fifteen years to be served without benefit of probation, parole, and suspension of sentence. Defendant was also ordered to pay a $250,000.00 fine.

## FACTS

On July 16, 2009, Defendant was riding as a passenger in a truck that was stopped by Louisiana State Trooper Lieutenant Becket Breaux for following too closely. During the traffic stop, Lieutenant Breaux discovered that both men had criminal histories and observed that both Defendant and the driver appeared extremely nervous. After obtaining a verbal consent to search from the driver, Lieutenant Becket summoned a K-9 unit for assistance. The K-9 alerted on the vehicle, and the subsequent search of the truck yielded approximately 9.71 kilograms of cocaine.

## DISCUSSION

In his first assignment of error, Defendant argues that the trial court erred in refusing to remove the jury after it was exposed to information protected by attorney-client privilege.

Defendant alleges that, during his testimony at trial, the prosecution questioned him about his failure to appear at a court date and that defense counsel informed the court, in front of the jury, that Defendant was lying. Defendant argues that this was information protected by attorney-client privilege and that the prosecution's questioning Defendant on the topic resulted in a violation of Defendant's right to fundamental fairness. Defendant contends

that the jury should have been excused at the first occurrence of his attorney's "inflammatory and prejudicial conduct."

The State responds that the defense is misrepresenting the testimony to this court. The prosecution urges that defense counsel's statement, "He is lying. That is not true," was made in response to the prosecutor's question, "You never told your lawyer your mom had a stroke, did you?" The State points out that Defendant did not answer the question until after defense counsel remarked, "He is lying." Thus, the prosecution protests that "He" referred to the State's attorney and that "He" did not reference Defendant.

In his second assignment of error, Defendant contends, the District Court erred by denying defense counsel's objection and allowing a witness not properly qualified to render an expert opinion to give opinion testimony in violation of La.Code Evid. art. 701. Defendant asserts that Lieutenant Breaux was not qualified to determine Defendant's degree of nervousness at the time of the traffic stop and he was not qualified to determine what level of nervousness was appropriate for the situation. Defendant complains that this was tantamount to offering expert "forensic/psychological" opinion testimony and that the trial court erred in overruling defense counsel's objection thereto.

The State replies that the testimony at issue includes declarations by Lieutenant Breaux that he could see that Defendant was really nervous, that he could see Defendant's carotid artery pulsating "real bad" as Defendant retrieved paperwork from his vehicle, and that he did not believe there was any reason for a passenger to demonstrate that level of nervousness "just for a traffic stop." The prosecution urges that there was no indication that the trial court relied on

this information as expert testimony, that the information was offered as expert testimony, or that the information was accepted as expert testimony.

The State argues, in the alternative, that opinion testimony by non-expert police officers regarding perceptions of the scene and observations of physical evidence have been allowed into evidence. Thus, the prosecution contends that, even if this court finds the testimony to be opinion testimony, Lieutenant Breaux's remarks were properly allowed into evidence.

Under Uniform Rules—Courts of Appeal, Rule 2-12.4, appellant is required to provide this court with record page number references:

> The argument on a specification or assignment of error in a brief shall include a suitable reference by volume and page to the place in the record which contains the basis for the alleged error. The court may disregard the argument on that error in the event suitable reference to the record is not made.

Defendant fails to include any record references in his appellate brief. Accordingly, we will disregard the assignments of error raised by Defendant. Moreover, our review of the record reveals no errors patent.

**DECREE**

For the foregoing reasons, Defendant's conviction is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.